IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**KENDAL MOSES,**

   **Plaintiff,**

v.                  Civil Action No. 2:12cv6
                     (Judge Bailey)

**H. KRAMER, Nurse, RN.**

   **Defendants.**

## REPORT AND RECOMMENDATION

On January 25, 2012, the *pro se* plaintiff, who is a federal inmate[1], initiated this case by filing a Bivens complaint in which he alleges an Eighth Amendment violation with respect to medical care he received. The complaint was filed in the United States District Court for Southern District of Georgia. Because the complaint concerned events that transpired at USP Hazelton, which is located in Bruceton Mills, West Virginia, the case was transferred to this Court on February 2, 2012. On that same date, the plaintiff was sent a Notice of Deficient pleading which advised him that he must file his complaint on this court's approved form together with a Motion for Leave to proceed *in forma pauperis*, a Prisoner Trust Account Report and a Consent to Collection. On February 27, 2012, the plaintiff filed his form complaint, IFP application, Prisoner Trust Account Report and Consent to Collection. On February 28, 2012, he filed a motion for an extension of time to submit his ledger sheets, which was granted on February 29, 2012. On March 12, 2012, the plaintiff submitted his ledger sheets. On March 15, 2012, he was granted leave to proceed *in forma pauperis*. On May 18, 2012, he paid his required initial partial filing fee. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

---

[1]At the time the plaintiff initiated this matter, he was incarcerated in the Chatham County Jail which is located in Savannah, Georgia.

## Summary of Complaint

The plaintiff alleges, and the clinical notes attached to his form complaint establish, that on November 26, 2010, he came to the morning pill line to receive his morning medication. Defendant Kramer administered 600 mg gabapentin by placing it is a cup of water. The plaintiff drank the cup of water and then noticed that there was a used glucometer test strip in the cup. The plaintiff was given a tetanus shot and the first vaccinations for hepatitis a and hepatitis b. The plaintiff alleges that none of his medical records were sent to Savannah when he was transferred, and he has not received the second "vaccination shot." The plaintiff alleges that he suffered injuries to his esophagus and has problems swallowing. He also alleges that he experiences periodic swelling in his throat. He further alleges that he suffers from constipation, soreness in his chest, suffers from cold and flu symptoms, and has frequent abscess and swelling of his gums. For relief, he seeks to be released with his federal sentence vacated and an award of monetary damages.

## Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under

Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**Analysis**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore,

---

[2] *Id.* at 327.

[3] *Id.*

"the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff acknowledges that there is a grievance procedure available at USP Hazelton. He also acknowledges that he did not file a grievance concerning the facts relating to his complaint. (Doc.13, p. 4). To explain his failure, he simply notes that a BOP Health Services Clinical Encounter was made on November 26, 2010. Accordingly, it is clear from the face of the complaint

4

that the plaintiff failed to exhaust his administrative remedies prior to filing suit and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

### **Recommendation**

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: 11-14-2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE