IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

KENDAL MOSES,

    Plaintiff,

v.                                                                     Civil Action No. 2:12-CV-6
                                                                            (Bailey)

H. KRAMER, *Nurse, RN*,

    Defendant.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 26]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on November 14, 2012 [*Id.*]. In that filing, the magistrate judge recommended that this Court dismiss without prejudice the plaintiff's complaint [Doc. 1] for failure to exhaust administrative remedies [Doc. 26 at 5].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on November 15, 2012 [Doc. 27], and petitioner timely filed his objections on November 20, 2012 [Doc. 28]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On January 25, 2012, the plaintiff filed a **Bivens** complaint[1] alleging an Eight Amendment violation with respect to medical care that he has received while incarcerated [Doc. 1]. The complaint was filed in the United States District Court for the Southern District of Georgia because the plaintiff was incarcerated in the Chatham County Jail in Savannah, Georgia, at that time. The case was transferred to this Court on February 2, 2012, [Docs. 5 and 6] because the alleged events occurred at a United States penitentiary ("USP") located in the Northern District of West Virginia, which is also where the only individually named defendant resides [Doc. 5 at 3]. The plaintiff then filed the required form for a **Bivens** complaint with this Court on February 27, 2012 [Doc. 13].

The plaintiff was provided medication in a cup of water by Nurse H. Kramer during the morning pill line on November 26, 2010, while he was incarcerated at USP Hazelton [Doc. 1 at 1-2]. The plaintiff discovered a used glucometer test strip in the cup after he

---

[1]The plaintiff's filing was recharacterized from a petition pursuant to 28 U.S.C. § 2241 to a complaint arising under **Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics**, 403 U.S. 388 (1971), because the plaintiff is challenging the conditions of his confinement [*See* Doc. 5].

2

drank the medicated water [*Id.*]. The plaintiff received a tetanus shot and the first vaccination for Hepatitis A and Hepatitis B [*Id.*]. Nurse H. Kramer's clinical notes confirm this information [Doc. 13-1 at 1-3]. The plaintiff states that he was supposed to receive the second vaccination for Hepatitis A and Hepatitis B within six months and alleges that he was not provided with the second vaccination in a timely manner [Doc. 1 at 2].[2] The plaintiff states that the Bureau of Prisons ("BOP") failed to provide his medical records to the Chatham County Jail in Savannah, Georgia, after he was picked up and taken there on Georgia state charges [*Id.*; Doc. 13 at 8]. The plaintiff alleges the following symptoms and medical problems after being exposed to the tainted medicated water: (1) difficulties swallowing, (2) dry throat, (3) swollen gums, (4) frequent urination and an uncontrollable bladder, (5) psychological depression and anxiety attacks, (6) abdominal pain, (7) constant throat pain, (8) frequent cold and flu symptoms, (9) headaches, (10) constipation and blood in his stool, (11) a small lump at the base of his abdomen, and (12) problems chewing [*Id.* at 1; Doc. 13 at 9]. For relief, the plaintiff seeks monetary damages as well as present and future healthcare [Doc. 1 at 4]. In addition, the plaintiff seeks to have his sentence vacated [Doc. 13 at 9].

In his R&R, Magistrate Judge Joel concluded that the plaintiff failed to exhaust his administrative remedies before filing his complaint [Doc. 26 at 5]. As such, the magistrate judge recommended that this Court dismiss the plaintiff's complaint without prejudice for

---

[2]At the time that the plaintiff filed his complaint, he alleged that he had not yet received the second vaccination [Doc.1; Doc. 13]. However, the plaintiff states in his objections that "[his] second vaccination shot wasn't given to me until 18 months later, after returning from [his] County Jail Chatham County Sherrif's [*sic*] Dep[artmen]t" [Doc. 28 at 1].

3

failure to exhaust administrative remedies [*Id.*]. The plaintiff filed timely objections to the R&R on November 20, 2012 [Doc. 28].

## II. Applicable Law

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), before a prisoner can bring an action under any federal law with respect to prison conditions, he or she must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement has multiple purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . .." ***Woodford v. Ngo***, 548 U.S. 81, 93 (2006). Second, it "seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" ***Id.*** (quoting ***Porter v. Nussle***, 534 U.S. 516, 525 (2002)). Third, it "'reduce[s] the quantity and improve[s] the quality of prisoner suits.'" ***Id.*** (quoting ***Nussle***, 534 U.S. at 524).

Exhaustion of grievances is mandatory, "whether they involve general circumstances or particular episodes." *See* ***Booth v. Churner***, 532 U.S. 731, 741 (2001). Accordingly, all available administrative remedies, including inmate grievance procedures, must be exhausted before a prisoner can file a complaint in federal court. ***Nussle***, 534 U.S. at 524. Failure to properly exhaust all available administrative remedies can result in procedural default of the prisoner's claims. *See* ***Woodford***, 548 U.S. at 92-93 (recognizing that the PLRA provisions contain a procedural default component).

The BOP has a four-step administrative remedy process, progressing from the BP-8 level to the BP-11 level. *See* 28 C.F.R. §§ 542.13-542.15. The first step is an attempted

informal resolution. 28 C.F.R. § 542.13. If this does not provide the inmate with a satisfactory result, then the second step is to file a formal, written complaint on the BP-9 form within 20 days after the date of the incident of which the inmate is complaining. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the response from the warden at this level, then the third step is to complete a BP-10 appeal to the "appropriate Regional Direction within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. In the event that the prisoner is not satisfied with the Regional Director's response, then the fourth step is to submit a BP-11 appeal to the "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* These deadlines may be extended where an inmate demonstrates a valid reason for delay as detailed in section 542.14(b). *Id.*[3] Outside the grant of such an extension, failure to timely complete all levels of the complaint process means that the prisoner has failed to exhaust his or her administrative remedies. See **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997) (discussing the requirement to exhaust all administrative remedies under the PLRA).

---

[3]Section 542.14(b) provides the following:
Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions . . . was delayed.
28 C.F.R. § 542.14(b).

## B. *Bivens* Eighth Amendment Claim

In his *Bivens* complaint, the plaintiff appears to be stating an Eighth Amendment cruel or unusual punishment claim for inadequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Under the Eighth Amendment, prison inmates are entitled to "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Wolfish v. Levi*, 573 F.2d 118 (2d Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1994). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must meet an objective and a subjective requirement. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective requirement, the prisoner must show that the deprivation was "sufficiently serious." *Id.* Under the subjective requirement, the prisoner must show that the officials acted with a "sufficiently culpable state of mind." *Id.*

Under the objective requirement, the plaintiff must show that (1) he has sustained a serious or significant mental or physical injury as a result of the challenged condition (*See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993)) or (2) the plaintiff's continued, unwilling exposure to the challenged condition creates an unreasonable risk of serious damage to his future health (*See Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Under the subjective requirement, the inmate must demonstrate that the prison official acted with "deliberate indifference." *Wilson*, 501 U.S. at 303. Deliberate indifference requires more than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (relying on *Estelle*, 429 U.S. at 104); *see also Parker v. Maryland*, 413 Fed.Appx. 634, 638 (4th Cir. 2011). It requires that "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Farmer***, 511 U.S. at 837. A prison official is not liable for deliberate indifference if he or she "did not know of the underlying facts indicating a sufficiently substantial danger" or "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." ***Id.*** at 844.

### C.  Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." ***Bass v. E.I. Dupont de Nemours & Co.***, 324 F.3d 761, 765 (4th Cir. 2003) (citing ***Dickson v. Microsoft Corp.***, 309 F.3d 193, 213 (4th Cir. 2002)); *see also* ***Iodice v. United States***, 289 F.3d 270, 281 (4th Cir. 2002). The Court may dismiss a prisoner's complaint sua sponte if the complaint fails to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c)(1). When assessing whether a complaint should be dismissed for failure to state a claim, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro,*** 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke,*** 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

7

### III. Discussion

In his objections, the plaintiff argues that he should not have to exhaust his administrative remedies "in a situation where a licensed employee for the Bureau of Prison[s] makes a careless mistakes [*sic*] as so" [Doc. 28 at 1]. In addition, the plaintiff argues that "[h]aving a computer generated document, with all the facts present, is the next best thing to filing [his administrative remedies]" [*Id.*].

### A. Failure to Exhaust Administrative Remedies

Despite the plaintiff's objections, this Court agrees with the magistrate judge's conclusion that the plaintiff was required to exhaust his administrative remedies and failed to do so. The plaintiff argues that he should be excluded from the exhaustion requirement because his case involves a careless mistake and he has clinical notes with all of the facts regarding that careless mistake. However, as previously noted, this Court does not have the discretion to waive the plaintiff's requirement to exhaust his administrative remedies; such exhaustion is mandatory. *See* **Booth v. Churner**, 532 U.S. 731, 741 (2001). As such, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

### B. *Bivens* Eighth Amendment Claim

In addition to finding that the plaintiff failed to exhaust his administrative remedies, this Court also finds that the plaintiff's ***Bivens*** claim should be dismissed with prejudice for failing to allege facts sufficient to support an Eighth Amendment violation claim. "In the event that a claim . . . fails to state a claim upon which relief can be granted . . ., the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2). As such, this Court finds that the plaintiff's complaint

should be dismissed with prejudice.

The plaintiff refers to the administration of his medicine as a careless mistake [Doc. 28 at 1]. However, a "careless mistake" is not sufficient to establish the plaintiff's Eighth Amendment violation claim. See **Thomas v. Farley**, 31 F.3d 557, 558 (7th Cir. 1994) (finding that an innocent or careless mistake did not meet the deliberate indifference requirement of an Eighth Amendment claim).

The plaintiff also alleges that the BOP medical staff at USP Hazelton was negligent in failing to provide his medical records to the Chatham County Jail medical staff [Doc. 1 at 2-3; Doc. 13 at 8-9; Doc. 28 at 1]. However, a **Bivens** cause of action cannot be brought against a federal agency. See **F.D.I.C. v. Meyer**, 510 U.S. 471, 486 (1994). Accordingly, to the extent that the plaintiff's complaint can be construed as a claim against the BOP, it cannot be sued under **Bivens**. The plaintiff lists only Nurse H. Kramer, the nurse who provided the plaintiff with the cup of water containing a used glucometer test strip, as a named defendant. The plaintiff does not allege that Nurse H. Kramer is responsible for the failure to transmit medical records to the Chatham County jail or the eighteen month delay in plaintiff's receiving the second Hepatitis A and Hepatitis B vaccination. However, even if the plaintiff had made such an allegation regarding Nurse H. Kramer, the plaintiff's claims of negligence are insufficient to meet the high standard for Eighth Amendment claims. See **Parker v. Maryland**, 413 Fed.Appx. 634, 638 (4th Cir. 2011).

The plaintiff also claims that his eighteen-month delay in receiving the second Hepatits A and Hepatitis B vaccination has caused him injuries, listing various symptoms in his complaints [Doc. 1 and Doc. 13]. However, a delay in medical treatment is not

9

sufficient to establish an Eighth Amendment claim unless that "delay results in some substantial harm to the patient." ***Webb v. Hamidullah***, 281 Fed.Appx. 159, 166 (4th Cir. 2008). The United States District Court for the District of Idaho has specifically applied this reasoning to a prisoner's failure to contract Hepatitis A or Hepatitis B when there was a delay in receiving the Hepatitis A and Hepatitis B vaccination series. ***Wood v. Idaho Dept. of Corrections***, 391 F.Supp.2d 852, 866-67 (D.Idaho 2005) (finding that the sixteen-month time frame that it took for a prisoner to receive the Hepatitis A and Hepatitis B vaccination series from the date that the vaccination series was ordered did not amount to an Eighth Amendment violation where the delay did not result in the contraction of Hepatitis A or Hepatitis B). In this case, the plaintiff alleges various symptoms, but fails to allege that he has contracted Hepatitis A or Hepatitis B. Moreover, this Court notes that the plaintiff states in his objections that he received the second vaccination when he returned to USP Hazelton from the Chatham County jail [Doc. 28]. As such, the plaintiff has failed to allege any substantial harm or significant injury from the delay, thereby failing to establish the objective requirement of an Eighth Amendment claim. Accordingly, the plaintiff's complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 26]** should be, and is, hereby **ORDERED ADOPTED IN PART**. This Court concurs with the magistrate judge's conclusion that the plaintiff failed to exhaust his administrative remedies; however, this

Court further finds that the plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Accordingly, the plaintiff's Objections **[Doc. 28]** are **OVERRULED** and the plaintiff's complaint **[Doc. 13]** is **DISMISSED with prejudice**. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** December 3, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE